J-A01044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRYSTAL RAE CALP | : | |
| | : | |
| Appellant | : | No. 411 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 25, 2021
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000697-2020

BEFORE: LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: MARCH 1, 2022**

Crystal Rae Calp appeals from the judgment of sentence, entered in the Court of Common Pleas of Adams County, following her open guilty plea to one count of acquisition or obtaining possession of controlled substance by misrepresentation.[1]  Additionally, Calp's counsel, Kristin L. Rice, Esquire, has filed an application to withdraw as counsel and an accompanying **_Anders_**[2] brief.  Upon review, we grant Attorney Rice's application to withdraw, and we affirm Calp's judgment of sentence.

---

[1] 35 P.S. § 780-118(a)(12).

[2] **_Anders v. California_**, 368 U.S. 738 (1967); **_Commonwealth v. McClendon_**, 434 A.2d 1185 (Pa. 1981); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

On December 28, 2019,[3] Ben Koble, a pharmacist at Choice Pharmacy in McSherrytown, contacted the police and told them that, on December 26, 2019, a female, later identified as Calp, had come into the store and presented a prescription for Alprazolam under the name of "Kayla White." Calp was only given half of the entire prescription, approximately 85 pills, because the pharmacy was unable to contact the doctor's office to confirm the prescription. After subsequently contacting the doctor's office, the Pharmacy learned that "Kayla White" had been not issued an Alprazolam prescription.

At approximately 1:40 p.m. on December 28, 2019, Calp returned to Choice Pharmacy and attempted to pick up the rest of the Alprazolam prescription. Koble again called the police, who responded and spoke with Calp. Calp insisted that she was "Kayla White," that the prescription was legitimate, and that she had seen a "Dr. Reeble" earlier in December. Ultimately, police identified Calp, determined that the prescription for "Kayla White" was illegitimate, and arrested Calp.

On January 13, 2020, Calp was charged with, *inter alia*,[4] the above-mentioned offense. Subsequently, on November 16, 2020, Calp entered into an open guilty plea to the above-mentioned offense. After accepting Calp's

---

[3] We glean these facts from the affidavit of probable cause. **See** Affidavit of Probable Cause, 1/13/20, at 1-2.

[4] Calp was also charged with one count each of criminal attempt to acquire or obtain possession of controlled substance by misrepresentation, **see** 18 Pa.C.S.A. § 901(a), false reports to law enforcement, **id.** at § 3906(a), and false identification to law enforcement, **id.** at § 4914(a).

guilty plea, the trial court postponed sentencing and ordered a pre-sentence investigation report (PSI). On February 25, 2021, after consideration of the PSI, the trial court sentenced Calp to a period of 12 to 36 months' imprisonment.

On March 15, 2021, Calp filed a timely, *pro se*, notice of appeal. On April 8, 2021, Calp's trial counsel filed a motion to withdraw as counsel in this Court. Ultimately, this Court remanded the matter, but retained jurisdiction, for the trial court to conduct a **Grazier**[5] hearing. At the conclusion of the **Grazier** hearing, the trial court appointed Attorney Rice of the Adams County Public Defenders Office to represent Calp on appeal. Both Attorney Rice and the trial court complied with Pa.R.A.P. 1925. Attorney Rice then filed, in this Court, an **Anders** brief and an accompanying application to withdraw from representation. Calp has not filed *pro se* brief, nor has she retained alternate counsel for this appeal.

Before addressing Calp's issue on appeal, we must determine whether Attorney Rice has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

*Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous[;] (2) file a brief referring to any issues in the record of arguable merit[;] and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."

*Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Rice has substantially complied with each of the technical requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating counsel must substantially comply with requirements of *Anders*). Attorney Rice indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that counsel has furnished a copy of the *Anders* brief to Calp, advised Calp of her right to retain new counsel or proceed *pro se*, or raise any additional points that she deems worthy of this Court's attention. Additionally, counsel's *Anders* brief substantially complies with the requirements of *Santiago*. As Attorney Rice has complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Calp's appeal is, in fact, wholly frivolous.

In the *Anders* brief, Attorney Rice presents the following issue on Calp's behalf for our review:

> Did the trial court abuse its discretion in imposing a sentence of 12 to 36 months[' imprisonment], failing to take into account the following mitigating facts: [Calp] had completed 28 days of in-patient treatment, resided successfully in a halfway house, participated in intense out-patient substance abuse treatment and had made tremendous strides in her recovery[?]

*Anders* Brief, at 5.

- 5 -

Calp's claim challenges the discretionary aspects of her sentence, from which there is no absolute right to appeal. *See Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of her sentence, we must consider her brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b)

*Commonwealth v. Moury*, 922 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Calp filed a timely *pro se* notice of appeal. However, as Attorney Rice notes in the *Anders* brief, Calp did not raise an objection at the time of sentencing, nor did she file a post-sentence motion raising this claim. *See Anders* Brief, at 8; *see also Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) (challenge to discretionary aspects of sentence waived when appellant failed to preserve challenge at sentencing or in post-sentence motion). Accordingly, Calp has not invoked this Court's jurisdiction, and her

discretionary sentencing claim is not preserved for our review. *See id.*; *see also Moury*, *supra*.

Nevertheless, we review the merits of Calp's claim as part of our independent review of the record.[6] *See Dempster*, *supra*. Our review of the record reveals that, at sentencing, the trial court considered a letter from Second Chance Recovery House,[7] which detailed Calp's treatment and recovery. *See* N.T. Sentencing, 2/25/21, at 2-3. Additionally, the trial court took into account Calp's current employment, as well as her prior record score of 5. *Id.*, at 2-4, 7. Moreover, the trial court considered Calp's PSI. *See* Trial Court Opinion, 7/22/21, at 4-5; *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where sentencing court considered PSI, this Court presumes that it "[is] aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"). Accordingly, Calp's claim lacks merit.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or

---

[6] We note that Attorney Rice has failed to include a Rule 2119(f) statement in the *Anders* brief; however, this omission is not an impediment to our review in this case. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (where counsel filed *Anders* brief, this Court reviewed discretionary sentencing claim even absent Rule 2119(f) statement).

[7] In its opinion, the trial court explained that Second Chance Recovery House is a rehabilitation center. *See* Trial Court Opinion, 7/22/21, at 4-5.

misstated." **Dempster**, 187 A.3d at 272. As such, we grant Attorney Rice's application to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/01/2022